940 F.2d 676
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Alberto v. SANTOS, Petitioner,
v.
SECRETARY, DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 91-7018.
 United States Court of Appeals, Federal Circuit.
 June 19, 1991.
 
 ON MOTION
 Before MICHEL, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 MICHEL, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of the Department of Veterans Affairs (VA) moves to dismiss Alberto V. Santos' petition for review for lack of jurisdiction. Santos has not filed an opposition.
 
 
 2
 Santos, a Philippine national, served with the Armed Forces of the United States, having enlisted in the recognized guerilla forces, from 1944 through 1946. In 1985, Santos applied for VA disability compensation for various ailments that allegedly began while Santos was on active duty. In 1986, the VA denied Santos' claim. In 1987, Santos submitted a "notice of disagreement" to the VA. Two months later, the VA sent Santos a "statement of the case" and a form on which to file his substantive appeal. Santos did not perfect his appeal by filing a substantive appeal within 60 days. Now, nearly three years later, Santos has filed a petition for review in this court.
 
 
 3
 Direct review by this court of VA decisions concerning veterans' benefits is generally precluded by 38 U.S.C. Sec. 211 governing decisions by the Secretary. However, under 38 U.S.C. Sec. 223 governing judicial review of rulemaking, this court does have jurisdiction to directly review challenges to agency rulemaking.
 
 
 4
 The Secretary argues that Santos "has not challenged any rulemaking by the agency." However, Santos, in his informal brief, specifically asks for review of certain VA regulations. Nevertheless, a review of Santos' petition for review and informal brief shows that Santos is really challenging the application of certain VA regulations rather than challenging the regulations themselves.
 
 
 5
 For example, Santos' petition for review states:
 
 
 6
 The Honorable Court is respectfully requested thru this Petition to set aside or reverse the Order of Disallowance issued by the Department of Veterans Affairs, and allow service connection for my service-incurred chest condition with hemoptysis, based on the aforementioned facts and controlling VA Regulations and Code of Federal Regulations ... [emphasis added].
 
 
 7
 Furthermore, in answer to the question "what action of the Secretary of Veterans Affairs do you want reviewed by this court", Santos refers to a number of regulations and statutes stating:
 
 
 8
 The liberal application of these VA (DVA) Regulations and Code of Federal Regulations were not fully undertaken by the Secretary of Veterans Affairs or by any one of his designees [emphasis added].
 
 
 9
 A review of both Santos' petition for review and informal brief shows that Santos is challenging the VA's factual decision to refuse to allow him benefits. 38 U.S.C. Sec. 211 prohibits review of the Secretary's factual determinations concerning VA decisions regarding benefits. Furthermore, Santos' papers do not invoke the court's jurisdiction under 38 U.S.C. Sec. 223 by presenting a bona fide challenge to a VA rule or regulation. Although Santos states in his informal brief that he wants certain VA regulations reviewed, Santos' arguments in all of the papers submitted show that Santos is really challenging the VA's application of these regulations, rather than challenging the regulations themselves. Consequently, we are without jurisdiction to review Santos' petition.
 
 
 10
 Accordingly,
 
 IT IS ORDERED THAT:
 
 11
 The Secretary's motion to dismiss is granted.